## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS ITURRINO CARRILLO, ISABEL GARCIA ALANES AND THE CONJUGAL PARTNERSHIP BETWEEN THEM<br><br>**Plaintiffs**<br><br>v.<br><br>MARINA PUERTO DEL REY OPERATIONS, LLC; ST. JAMES SECURITY, INC.; JOHN DOE<br><br>**Defendants** | **CIVIL NO.** 19-1041 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Plaintiffs' *Motion to Remand* the present causes of action to state court. (Docket No. 12). Defendant Marina Puerto del Rey Operations, LLC. has filed an opposition and Plaintiffs have presented a reply. (Docket Nos. 16 and 22). After carefully reviewing the parties' arguments and the applicable law, the Court hereby **GRANTS** Plaintiffs' motion to remand this lawsuit to the Puerto Rico Court of First Instance, Fajardo Superior Part, however no attorneys' fees and costs are awarded to Plaintiffs.

### I. BACKGROUND

On September 17, 2018, Carlos Iturrino-Carrillo and Isabel Garcia Alanes ("Plaintiffs") filed a *Complaint* in the Puerto Rico Court of First Instance against Marina Puerto del Rey Operations,

LLC (the "Marina" or "PDR") and its security company, St. James Security, Inc. ("St. James") to recover both property and emotional damages. (Docket No. 1-1). Pursuant to a Vessel Space License Agreement between Mr. Iturrino and PDR, Plaintiffs' twenty-eight (28) foot vessel "Sofia" remained under the custody and care of the Marina in exchange for a monthly fee of $294.60. (Docket No. 1-1 at 2). On September 17, 2017, said vessel sank at the Marina. Plaintiffs allege that their vessel "Sofia" sank due to Defendants' gross negligence. (Docket No. 1-1 at 2-3.) Specifically, Plaintiffs contend that due to inadequate care and security, the vessel was vandalized, a hose was disconnected, and water entered the vessel continuously until it sank. (Docket No. 1-1 at 2-3).

On January 16, 2019, PDR filed a *Notice of Removal*. (Docket No. 1). PDR argues that although Plaintiffs' Complaint did not refer to any federal statute, the facts therein describe a maritime contract dispute and the sinking of a vessel in navigable waters. (Docket No. 1 at 4). Thus, PDR concludes that this Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1333 and could be removed to the federal District Court. (Docket No. 1 at 4).

On February 18, 2019, Plaintiffs filed a *Motion for Remand* affirming that 28 U.S.C. § 1333's "saving-to-suitors" clause affords a plaintiff the right to file *in personam* maritime claims,

that are not exclusively in admiralty, in state courts. (Docket No. 12 at 3-4).

In response, PDR filed an *Opposition to Motion to Remand* on March 6, 2019, in which it contends that the "saving-to-suitors" clause preserves nonmaritime remedies but does not guarantee a nonfederal forum. (Docket No. 16-5). Additionally, PDR reiterates its contention that the 2011 amendments to the federal removal statute provide an independent basis of federal jurisdiction making maritime law claims removable. (Docket No. 16 at 4-5).

Lastly, on March 20, 2019, Plaintiffs filed a *Reply to Opposition to Motion for Remand*. (Docket No. 22). Plaintiffs argue that although some cases support PDR's claims, the overwhelming majority have determined that the 2011 amendments to the federal removal statute did not overturn the long-standing rule that general maritime law claims are saved to suitors and not removable to federal courts. (Docket No. 22 at 3-4).

## II. APPLICABLE LAW

*A. Standard of Review for Removals*

Pursuant to the federal removal statute 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." For a district court to have

original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-393 (1987)).

If the propriety of a removal petition is questioned, "the removing party bears the burden of showing that removal is proper." Id. (citing Danca v. Private Health Care Systems, 185 F.3d 1, 4 (1st Cir. 1999)). The First Circuit has held that due to this burden and the federalism concerns that arise when considering removal jurisdiction, "ambiguity as to the source of the law […] ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). *See also* Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chem. Yabucoa, Inc., 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand.")

*B. The Well-Pleaded Complaint Rule*

The Supreme Court has established that ordinarily, a plaintiff is the "master of the complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). As such, the well-pleaded complaint rule enables plaintiffs to have their cause of action heard in state court by "eschewing claims

based on federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 398-399 (1987). In other words, if the allegations presented in the complaint are premised only on local law, the claim cannot be deemed to have arisen under federal law and the case cannot be removed. *See* Negron-Fuentes v. UPS Supply Chain Sols., 532 F.3d 1, 6 (1st Cir. 2008) and Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007). *See also* Villegas, 641 F. Supp. 2d at 112-13 ("Plaintiff recognized that he could have asserted a claim under federal law [but] exercised his discretion to decline to do so.")

However, as an exception, "certain state claims are subject to removal, even if they purport to rest only on state law, because **the subject matter is powerfully preempted by federal law, which offers some 'substitute' cause of action**." Negron-Fuentes, 532 F.3d at 6. (emphasis added).

*C. Removal of Admiralty and Maritime Claims*

Under 28 U.S.C § 1333(1), district courts have original jurisdiction, exclusive of state courts, in "[a]ny state case of admiralty or maritime jurisdiction, **saving to suitors** in all cases all other remedies to which they are otherwise entitled." (emphasis added). It has long been established that the "saving-to-suitors" clause of this statute gives state courts the concurrent jurisdiction to adjudicate maritime causes of action brought *in personam*. *See* Madruga v. Superior Court of California, 346 U.S.

556, 560-61 (1954); *see also* Rounds v. Cloverport Foundry & Machine Co., 237 U.S. 303, 305—306 (1915). A maritime cause of action is considered to be *in personam* when "the defendant is a person, not a ship or some other instrument of navigation." Madruga, 346 U.S. at 560-61. On the other hand, district courts have exclusive jurisdiction "only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description." Id. at 560.

Although district courts undoubtedly have original jurisdiction to adjudicate these claims, "[t]he generally accepted rule is that cases may not be removed from state court to federal court where the only basis of the federal court's jurisdiction is admiralty." 1 Benedict on Admiralty § 132 (2019). In other words, removal is proper when the district court has "both admiralty jurisdiction and some other basis of jurisdiction, such as diversity or federal question jurisdiction." Id. Thus, although the saving-to-suitors clause allows plaintiffs to present their *in personam* claims in a state court and preserves their right to pursue nonmaritime remedies, "[i]t does not guarantee them a nonfederal *forum,* or limit the right of defendants to remove such actions to federal court **where there exists some basis for federal jurisdiction other than admiralty**." Tenn. Gas Pipeline v. Hous. Cas. Ins., 87 F.3d 150, 153 (5th Cir. 1996) (emphasis added); *See*

*also* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Jurs. § 3672 (4th. ed. 2019). ("[B]y virtue of the saving-to-suitors clause, the plaintiff also has the option of either asserting his or her claim at law (whether it be based on tort or contract)—as opposed to admiralty—in a state court or bringing a diversity of citizenship suit in a United States district court.")

After Congress's 2011 amendment to the federal removal statute (28 U.S.C § 1441), several district courts determined that claims under the saving-to-suitors clause could be removed without an independent basis for federal jurisdiction. Sangha v. Navig8 ShipManagement Private Ltd., 882 F.3d 96, 100 (5th Cir. 2018). The most notable of these cases is the Southern District of Texas case Ryan v. Hercules Offshore, Inc., 945 F.Supp.2d 772 (S.D. Tex. 2013). However, "the vast majority of district courts considering this question have maintained that such lawsuits are not removable." Sangha, 882 F.3d at 100; *see also* 1 Benedict on Admiralty § 132 (2019) ("It is inconceivable that Congress would have altered the rights of all plaintiffs who bring admiralty cases in state court without a clear demonstration of intent.") There is currently no binding precedent from the Fifth Circuit, i.e. the appeals court that oversees the District Court for the Southern District of Texas, regarding this controversy. Id. *See also* Riverside Constr. Co., Inc. v. Entergy Miss., Inc., 626 Fed. Appx.

443, 447 (5th Cir. 2015) (Informing "[t]he Fifth Circuit has not yet spoken directly on this issue.") and Barker v. Hercules Offshore, Inc., 713 F.3d 208, 223 (5th Cir. 2013) (Noting "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal.")

Ryan has not been adopted, or even cited, by the First Circuit or the District Court of Puerto Rico. On the contrary, this District has expressed that as the masters of their complaint, plaintiffs may select the state court, instead of the district court, as the forum to present *in personam* claims consisting of breach of marine contract and torts. *See* Villegas, 641 F. Supp. 2d at 112 (Remanding a complaint that only asserted breach of contract and tort claims under Puerto Rico law and made no reference to any federal law, rule or regulation.)

*D. Awarding Attorneys' Fees and Costs*

28 U.S.C. § 1447(c) dictates that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Therefore, a district court is "statutorily authorized to award attorneys' fees if it determines the award to be appropriate." Alpha Biomedical & Diagnostic Corp. v. Philips Med. Sys. Netherland BV, 828 F. Supp. 2d 425, 431 (D.P.R. 2011). However, The Supreme Court has held that under 28 U.S.C. § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the

removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

### III. ANALYSIS

The Complaint currently before this Court contains allegations and claims *exclusively* under Puerto Rico law against various individuals (making it *in personam*).[1] As the masters of their Complaint, Plaintiffs chose not to invoke any applicable federal statute. Pursuant to the well-pleaded complaint rule, Plaintiffs' claims are not considered to have arisen under federal law and thus cannot be removed unless the subject matter of the complaint is preempted by federal law or there exists an additional independent basis for federal jurisdiction. *See* Negron-Fuentes, 532 F.3d at 6 and Tenn. Gas Pipeline, 87 F.3d at 153.

In light of Plaintiffs' *Motion for Remand*, the Defendant (i.e. the removing party) bears the burden of demonstrating that removal is proper. Specifically, Defendant must show that the complaint is based on a federal question, that there exists diversity of citizenship between the parties, or that another federal statute grants jurisdiction. *See* Villegas, 641 F. Supp. 2d at 110. PDR does not allege that diversity jurisdiction exists in this case

---

[1] In its *Opposition to Motion to Remand* filed March 6, 2019, PDR erroneously asserted that the Complaint "reads as in rem as the object of the controversy in the vessel which sunk while docked at PDR." (Docket No. 16 at 3). The ill-fated vessel is not the defendant in this case. *In rem* jurisdiction is predicated on the "fiction of convenience" that a vessel is a person against whom suits can be filed and judgments entered. *See* United States v. Ten Thousand Dollars ($10,000.00) in U.S. Currency, 860 F.2d 1511, 1513 (9th Cir. 1988) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 22-23 (1960)).

nor does it cite any other federal applicable law in addition to the statutes 28 U.S.C. § 1441 and 28 U.S.C. § 1333. To meet its burden, Defendant's Notice of Removal and subsequent motions rely heavily on Ryan's contested holding that the amended federal removal statute allows *in personam* claims under 28 U.S.C. § 1333's saving-to-suitors clause to be removed even in the absence of an independent source of federal jurisdiction. However, even Fifth Circuit case law interpreting Ryan has established that there is still controversy and confusion regarding whether a claim under said clause can be originally presented in a federal district court, and therefore removed, without an additional independent source of jurisdiction. *See e.g.,* Riverside Constr. Co., Inc., 626 Fed. Appx. at 447 and Barker, 713 F.3d at 223. Although the Court notes that PDR correctly alleges that the saving-to-suitors clause does not prohibit removal, it does not adequately meet the burden of demonstrating that removal is proper in the present case.

Thus, contrary to Defendant's claims, the controversy that surrounds Ryan's holding recommends remand. The courts and commentators that hold that the 2011 amendments to the removal statute did not expand jurisdiction have the better side of the argument. Indeed, most district courts and leading treatises have maintained that despite the amendments to the federal removal statute, pursuant to the saving-to-suitors clause, Plaintiffs' *in personam* state law claims cannot be removed without an independent

basis of federal jurisdiction. See 1 Benedict on Admiralty § 132 (2019) and 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Jurs. § 3672 (4th. ed. 2019).

Despite concluding that removal is improper in the present case, after reviewing the cases cited by PDR, this Court finds that the Defendant had an objectively reasonable basis for requesting removal. Additionally, there is no evidence in the docket demonstrating the existence of "unusual circumstances" that merit attorney's fees in this case. *See* Martin, 546 U.S. at 136. Thus, it would be inappropriate for the Court to award attorneys' fees and costs to Plaintiffs.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' *Motion to Remand* to state court is **GRANTED** and no attorneys' fees and costs will be awarded to Plaintiffs. (Docket No. 12). This case shall be remanded to the Puerto Rico Court of First Instance, Fajardo Superior Part, case number FA2018CV00695. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 26th day of July 2019

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge